# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID LIONELL TAYLOR, JR., <br><br> Defendant. | No. CR97-0001-LRR <br><br> **ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

This matter comes before the court on its own motion under 18 U.S.C. § 3582(c)(2).[1] In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] In light of the record, the court concludes that it need not appoint counsel or conduct a hearing. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c) and finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the correction or reduction of a sentence under 18 U.S.C. § 3582(c)).

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

Amendment 750 (Parts A and C only) amends USSG §1B1.10. On June 30, 2011, the Sentencing Commission unanimously voted to apply Amendment 750 (Parts A and C only) retroactively to cocaine base ("crack") offenses, and it set November 1, 2011 as the date that Amendment 750 (Parts A and C only) could be applied retroactively. Part A amended the Drug Quantity Table in USSG §2D1.1 for crack offenses and made related revisions to Application Note 10 to USSG §2D1.1. Part C deleted the cross reference in USSG §2D2.1(b) under which an offender who possessed more than 5 grams of crack was sentenced under USSG §2D1.1.

USSG §1B1.10, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range . . ."). The Sentencing Commission included Amendment 750 (Parts A and C only) within subsection (c). USSG §1B1.10(c). Consequently, under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the court may rely on Amendment 750 (Parts A and C only) to reduce the defendant's sentence.

At the court's request, the United States Probation Office prepared a memorandum that, among other things, addresses the defendant's eligibility for a sentence reduction

2

under 18 U.S.C. § 3582(c)(2) and calculates the defendant's amended guideline range. The United States Probation Office also provided the court with additional information in support of its memorandum. That information includes, but is not limited to, the defendant's pre-sentence investigation report and the Bureau of Prison's report on the defendant.

Pursuant to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the court concludes that the defendant is entitled to a sentence reduction.[2] *See United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.[3] The defendant's previously imposed 292 month term of imprisonment, as reflected in the judgment dated August 11, 1998, is reduced to time served as of November 1, 2011.[4] *See* USSG §1B1.10(b)(2)(C) (prohibiting a term of

---

[2] Under Amendment 706 and Amendment 715, the court previously reduced the defendant's 324 month term of imprisonment to 262 months imprisonment.

[3] For purposes of the instant order, the court relied on the following determinations:

| Previous Offense Level: | 38 | Amended Offense Level: | 32 |
| Criminal History Category: | IV | Criminal History Category: | IV |
| Previous Guideline Range: | 324 to 405 months | Amended Guideline Range: | 168 to 210 months |

The reduced sentence of time served on count 1 and count 2 of the superseding indictment is within the amended guideline range.

[4] The court notes that the sentence of time served is the equivalent of 196 months and 8 days. The amount of time that the defendant spent in prison will be less in light of
(continued…)

imprisonment that is less than the term of imprisonment that the defendant has already served); *see also id.*, comment. (n.3) (stating that the term of imprisonment may not be reduced below time served). The defendant's new sentence of time served applies to count 1 and count 2 of the superseding indictment. Except as provided above, all provisions of the judgment dated August 11, 1998 remain in effect. The duration and conditions of the defendant's supervised release remain unchanged. **This order will take effect on November 1, 2011**. If Congressional action prior to November 1, 2011 invalidates the retroactive application of Amendment 750 (Parts A and C only), such action renders this order null and void.

The clerk's office is directed to send and fax a copy of this order to the Bureau of Prisons, that is, the place where the defendant, USM No. 08369-424, is currently incarcerated. The Bureau of Prisons is directed to release the defendant on November 1, 2011. The clerk's office is also directed to send a copy of this order to the office of the Federal Public Defender and the office of the United States Probation.

**IT IS SO ORDERED**.

**DATED** this 19th day of October, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[4](...continued)
any sentence credit that the Bureau of Prisons granted.